CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
APULEYO JOSE MARISCAL (a/k/a
PABLO), *individually and on behalf of others*
*similarly situated,*

|  |  |
|---|---|
| *Plaintiff,* | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** **29 U.S.C. § 216(b)** |
| VILLA MONTE PIZZERIA & RESTAURANT, INC. (D/B/A VILLA MONTE PIZZERIA), VILLA MONTE II PIZZERIA & RESTAURANT, INC. (D/B/A VILLA MONTE PIZZERIA), VILLA MONTE DI POSITANO, RESTAURANT & PIZZERIA, INC. (D/B/A VILLA MONTE PIZZERIA), GINO'S DEMONTEPERTUSO PIZZERIA & RESTAURANT, INC. (D/B/A GINO'S VILLA MONTE PIZZERIA), AUGUSTO MANDARA, and ANTHONY MANDARA, | **ECF Case** |
| *Defendants.* | |

--------------------------------------------------------X

Plaintiff Apuleyo Jose Mariscal (a/k/a Pablo) ("Plaintiff Mariscal" or "Mr. Mariscal"),

individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal,

P.C., upon his knowledge and belief, and as against Villa Monte Pizzeria & Restaurant, Inc. (d/b/a

Villa Monte Pizzeria), Villa Monte II Pizzeria & Restaurant, Inc. (d/b/a Villa Monte Pizzeria),

Villa Monte Di Positano, Restaurant & Pizzeria, Inc. (d/b/a Villa Monte Pizzeria), Gino's

Demontepertuso Pizzeria & Restaurant, Inc. (d/b/a Gino's Villa Monte Pizzeria), ("Defendant

Corporations"), Augusto Mandara, and Anthony Mandara, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Mariscal is a former employee of Defendants Villa Monte Pizzeria & Restaurant, Inc. (d/b/a Villa Monte Pizzeria), Villa Monte II Pizzeria & Restaurant, Inc. (d/b/a Villa Monte Pizzeria), Villa Monte Di Positano, Restaurant & Pizzeria, Inc. (d/b/a Villa Monte Pizzeria), Gino's Demontepertuso Pizzeria & Restaurant, Inc. (d/b/a Gino's Villa Monte Pizzeria), Augusto Mandara, and Anthony Mandara.

2.       Defendants own, operate, or control pizzeria and restaurant, located at 7001 Amboy Rd Staten Island, NY 10307 under the name "Villa Monte Pizzeria", and at 2811 Richmond Ave, Staten Island, NY 10314 under the name "Gino's Villa Monte Pizzeria".

3.      Upon information and belief, individual Defendants Augusto Mandara, and Anthony Mandara, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4.      Plaintiff Mariscal was employed as a cook at the restaurants located at 7001 Amboy Rd Staten Island, NY 10307, and 2811 Richmond Ave, Staten Island, NY 10314.

5.      At all times relevant to this Complaint, Plaintiff Mariscal worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Mariscal appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.     Further, Defendants failed to pay Plaintiff Mariscal the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.     Defendants' conduct extended beyond Plaintiff Mariscal to all other similarly situated employees.

9.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Mariscal and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.     Plaintiff Mariscal now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Mariscal seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

### JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Mariscal's state law claims under 28 U.S.C. § 1367(a).

13.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate pizzeria and restaurant located in this district. Further, Plaintiff Mariscal was employed by Defendants in this district.

## PARTIES

### Plaintiff

14.     Plaintiff Apuleyo Jose Mariscal (a/k/a Pablo) ("Plaintiff Mariscal" or "Mr. Mariscal") is an adult individual residing in Richmond County, New York.

15.     Plaintiff Mariscal was employed by Defendants at Villa Monte Pizzeria from approximately July 1994 until on or about November 2021.

16.     Plaintiff Mariscal was employed by Defendants at Gino's Villa Monte Pizzeria from 2016 until on or about November 2021.

17.     Plaintiff Mariscal consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### Defendants

18.     At all relevant times, Defendants own, operate, or control pizzeria and restaurant, located at 7001 Amboy Staten Island, NY 10307 under the name "Villa Monte Pizzeria", and at 2811 Richmond Ave, Staten Island, NY 10314 under the name "Gino's Villa Monte Pizzeria".

19.     Upon information and belief, Villa Monte Pizzeria & Restaurant, Inc. (d/b/a Villa Monte Pizzeria) is a domestic corporation organized and existing under the laws of the State of New

York. Upon information and belief, it maintains its principal place of business at 7001 Amboy Rd Ste 2 Staten Island, NY 10307.

20.     Upon information and belief, Villa Monte II Pizzeria & Restaurant, Inc. (d/b/a Villa Monte Pizzeria) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 7001 Amboy Rd Ste 2 Staten Island, NY 10307.

21.     Upon information and belief, Villa Monte Di Positano, Restaurant & Pizzeria, Inc. (d/b/a Villa Monte Pizzeria) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 7001 Amboy Rd Ste 2 Staten Island, NY 10307.

22.     Upon information and belief, Gino's Demontepertuso Pizzeria & Restaurant, Inc. (d/b/a Gino's Villa Monte Pizzeria) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2811 Richmond Ave, Staten Island, NY 10314.

23.     Defendant Augusto Mandara is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Augusto Mandara is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Augusto Mandara possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Mariscal, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.     Defendant Anthony Mandara is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Anthony Mandara is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Anthony Mandara possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Mariscal, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

25.     Defendants operate pizzeria and restaurant located in a neighborhood in Staten Island.

26.     Individual Defendants, Augusto Mandara, and Anthony Mandara, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

27.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.     Each Defendant possessed substantial control over Plaintiff Mariscal's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Mariscal, and all similarly situated individuals, referred to herein.

29.     Defendants jointly employed Plaintiff Mariscal (and all similarly situated employees) and are Plaintiff Mariscal's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

30.     In the alternative, Defendants constitute a single employer of Plaintiff Mariscal and/or similarly situated individuals.

31.     Upon information and belief, Individual Defendants Augusto Mandara and Anthony Mandara operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f)  intermingling assets and debts of their own with Defendant Corporations,

g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

32.     At all relevant times, Defendants were Plaintiff Mariscal's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff

Mariscal, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Mariscal's services.

33.     In each year from 2016 to 2021, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

35.     Plaintiff Mariscal is a former employee of Defendants who was employed as a cook.

36.     Plaintiff Mariscal seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Apuleyo Jose Mariscal (a/k/a Pablo)*

37.     Plaintiff Mariscal was employed by Defendants from approximately July 1994 until on or about November 2021.

38.     Defendants employed Plaintiff Mariscal as a cook.

39.     Plaintiff Mariscal regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

40.     Plaintiff Mariscal's work duties required neither discretion nor independent judgment.

41.     Throughout his employment with Defendants, Plaintiff Mariscal regularly worked in excess of 40 hours per week.

42.     From approximately June 2016 until on or about until February 2020, Plaintiff Mariscal worked at the 7001 Amboy Rd location from approximately 9:00 a.m. until on or about 12:00 a.m., Mondays through Saturdays and Sundays at 2811 Richmond Ave location approximately 11:00 a.m. until on or about 9:00 p.m. (typically 81 to 82 hours per week).

43.     From approximately March 2020 until on or about February 2021, Plaintiff Mariscal worked at 7001 Amboy Rd location from approximately 11:00 a.m. until on or about 9:00 p.m. 3 days a week (typically 27 hours per week).

44.     From approximately March 2021 until November 2021, Plaintiff Mariscal worked at the 7001 Amboy Rd location from approximately 9:00 a.m. until on or about 12:00 a.m., Mondays through Saturdays and Sundays, at 2811 Richmond Ave location from approximately 11:00 a.m. until on or about 9:00 p.m. (typically 81 to 82 hours per week).

45.     Throughout his employment, Defendants paid Plaintiff Mariscal his wages in cash.

46.     From approximately 2016 until on or about December 2016, Defendants paid Plaintiff Mariscal a fixed salary of $550.00 per week.

47.     From approximately January 2017 until on or about December 2017, Defendants paid Plaintiff Mariscal $600.00.

48.     From approximately January 2018 until on or about December 2018, Defendants paid Plaintiff Mariscal $650.00.

49.     From approximately January 2019 until on or about December 2019, Defendants paid Plaintiff Mariscal a fixed salary of $700.00.

50.     From approximately January 2020 until on or about March 2020, Defendants paid Plaintiff Mariscal a fixed salary of $750.00 per week.

51.     From approximately March 2020 until on or about February 2021, Defendants paid Plaintiff Mariscal a fixed salary of $400.00 per week.

52.     From approximately March 2021 until on or about November 2021, Defendants paid Plaintiff Mariscal a fixed salary of $750.00 per week.

53.     Plaintiff Mariscal's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

54.     For example, Defendants required Plaintiff Mariscal to work an additional 30 mins to 1 hour later than his scheduled arrival time 2 to 3 times a week, and did not pay him for the additional time he worked.

55.     Plaintiff Mariscal was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

56.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Mariscal regarding overtime and wages under the FLSA and NYLL.

57.     Defendants did not provide Plaintiff Mariscal an accurate statement of wages, as required by NYLL 195(3).

58.     Defendants did not give any notice to Plaintiff Mariscal, in English and in Spanish (Plaintiff Mariscal's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

59.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Mariscal (and all similarly situated employees) to work in excess of 40 hours

a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

60.     Plaintiff Mariscal was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

61.     Defendants' pay practices resulted in Plaintiff Mariscal not receiving payment for all his hours worked, and resulted in Plaintiff Mariscal's effective rate of pay falling below the required minimum wage rate.

62.     Defendants habitually required Plaintiff Mariscal to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

63.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

64.     Defendants paid Plaintiff Mariscal his wages in cash.

65.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

66.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Mariscal (and similarly situated individuals) worked, and to avoid paying Plaintiff Mariscal properly for his full hours worked.

67.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

68.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Mariscal and other similarly situated former workers.

69.     Defendants failed to provide Plaintiff Mariscal and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

70.     Defendants failed to provide Plaintiff Mariscal and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

71.     Plaintiff Mariscal brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

72.     At all relevant times, Plaintiff Mariscal and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

73.     The claims of Plaintiff Mariscal stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

74.     Plaintiff Mariscal repeats and realleges all paragraphs above as though fully set forth herein.

75.     At all times relevant to this action, Defendants were Plaintiff Mariscal's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Mariscal (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

76.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

77.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

78.     Defendants failed to pay Plaintiff Mariscal (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

79.     Defendants' failure to pay Plaintiff Mariscal (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

80.     Plaintiff Mariscal (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

81.     Plaintiff Mariscal repeats and realleges all paragraphs above as though fully set forth herein.

82.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Mariscal (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

83.     Defendants' failure to pay Plaintiff Mariscal (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

84.     Plaintiff Mariscal (and the FLSA Class members)were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

85.     Plaintiff Mariscal repeats and realleges all paragraphs above as though fully set forth herein.

86.     At all times relevant to this action, Defendants were Plaintiff Mariscal's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Mariscal, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

87.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Mariscal less than the minimum wage.

88.     Defendants' failure to pay Plaintiff Mariscal the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

89.     Plaintiff Mariscal was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

90.      Plaintiff Mariscal repeats and realleges all paragraphs above as though fully set forth herein.

91.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Mariscal overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

92.     Defendants' failure to pay Plaintiff Mariscal overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

93.     Plaintiff Mariscal was damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMMISSIONER OF LABOR**

94.      Plaintiff Mariscal repeats and realleges all paragraphs above as though fully set forth herein.

95.     Defendants failed to pay Plaintiff Mariscal one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Mariscal's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

96.     Defendants' failure to pay Plaintiff Mariscal an additional hour's pay for each day PlaintiffMariscal's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

97.     Plaintiff Mariscal was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

98.      Plaintiff Mariscal repeats and realleges all paragraphs above as though fully set forth herein.

99.     Defendants failed to provide Plaintiff Mariscal with a written notice, in English and in Spanish (Plaintiff Mariscal's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

100.    Defendants are liable to Plaintiff Mariscal in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

101.     Plaintiff Mariscal repeats and realleges all paragraphs above as though fully set forth herein.

102.     With each payment of wages, Defendants failed to provide Plaintiff Mariscal with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

103.     Defendants are liable to Plaintiff Mariscal in the amount of $5,000, together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Mariscal respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Mariscal and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Mariscal and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Mariscal's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Mariscal and the FLSA Class members;

(f)     Awarding Plaintiff Mariscal and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Mariscal and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Mariscal;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Mariscal;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Mariscal;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Mariscal's compensation, hours, wages and any deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Mariscal;

(m)      Awarding Plaintiff Mariscal damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)      Awarding Plaintiff Mariscal damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)      Awarding Plaintiff Mariscal liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)      Awarding Plaintiff Mariscal and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)       Awarding Plaintiff Mariscal and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)      All such other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

 Plaintiff Mariscal demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

June 28, 2022

CSM LEGAL, P.C

By:           /s/ Catalina Sojo, Esq.
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# CSM Legal, P.C.
## Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

May 23, 2022

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:            Apuleyo Jose Mariscal

Legal Representative / Abogado:    CSM Legal, P.C.

Signature / Firma:        _____

Date / Fecha:            23 de Mayo 2022_____

*Certified as a minority-owned business in the State of New York*